Dear Mr. Waitz:
You have requested an opinion from the Attorney General regarding whether your office can donate funds from its Discretionary Account to support groups dealing with domestic violence. Specifically, you have asked if this donation constitutes a prohibited donation of public funds under Article VII, Section 14
of the Louisiana Constitution of 1974.
Section 14(A) sets out the general rule for the prohibition of donation of public property as follows:
 (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the state nor any political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.
A review of this provision reveals that the donation of public funds or property to public or private entities is unconstitutional. However, there is a narrow exception to this prohibition which is found in Section 14(B).
According to Section 14(B),
 Nothing in this Section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy; . . .
Previous opinions of this office have interpreted "needy" in this provision to mean "impoverished" or "indigent," but the Louisiana Supreme Court in a footnote to a recent case found no authority in support of this narrow definition. Safety Net for AbusedPersons v. Segura, 692 So.2d 1038, at 1040 fn. 3 (La. 1997). Therefore, it appears that "needy" now encompasses more than was allowed previously, although Black's Law Dictionary
defines "needy" as "indigent, necessitous, very poor." This seems to be a distinction without a difference since Webster's II,New Riverside University Dictionary defines "indigent" as "impoverished," and "necessitous" as "needy: poor." It appears that the definitions of "needy" remain essentially the same, and programs that aid the needy continue to be those for the poor, indigent, necessitous, and impoverished. It is our opinion that appropriations to organizations such as the ones you described are authorized and constitutionally permissible only if the public funds are utilized to provide relief to those who can be classified as "needy," and if those who receive assistance are screened through objective criteria to ensure that they are truly needy. Giving funds to support groups without requiring that they are given only to the needy would constitute a prohibited donation of public funds.
In addition to Section 14(B), the courts have determined that Section 14(C) which deals with cooperative endeavors is not an exception to 14(A), but rather, that it supplements the prohibition against donations contained in Section A. City ofPort Allen v. Louisiana Risk Management, et al,439 So.2d 399 (La. 1983). Previous opinions of this office, as well as the above-referenced case, have recognized a three-part test for cooperative endeavors to be deemed constitutional: 1) the public agency has a legal obligation to expend public funds, 2) the expenditure must be for a public purpose, and 3) the expenditure must create a public benefit proportionate to its cost. According to the court in City of Port Allen, "even if political subdivisions cooperate for a public purpose, they still may not give away their assets . . . merely for a public purpose."
This office has construed the "legal obligation" requirement referred to in the City of Port Allen decision to be a requirement that the purpose and power for a particular expenditure of public funds be "sanctioned" or "authorized by law" or in the "discharge of a legal duty." From the facts you have stated, it does not appear that any legal obligation exists for your office to support programs dealing with domestic violence and that any intention to transfer funds from your office is purely discretionary. For this reason, the "legal obligation" requirement is not met for a cooperative endeavor.
In summary, giving funds to groups which may have members who are not needy and without a legal obligation to do so is not constitutionally sanctioned and is prohibited by Article VII, Section 14 of the Louisiana Constitution of 1974.
We trust that we have answered your question. However, if this office can be of further assistance to you, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ FRANCES E. JONES ASSISTANT ATTORNEY GENERAL
RPI/FEJ/sc
Date Received: May, 6, 1997 BR
Date Received: May 29, 1997 SH
Date Released:
FRANCES E. JONESASSISTANT ATTORNEY GENERAL